IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:14-cr-53-WSD |
| ERIC HOLLOWAY, | 1:13-cr-378-WSD-AJB |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Eric Holloway's Appeal of Order of Detention [27].

**I.   BACKGROUND**

On September 17, 2013, Defendant was indicted on three counts of wire fraud and two counts of mail fraud in violation of 18 U.S.C. §§ 1343 and 1341. The indictment arose from Defendant's scheme to fraudulently obtain federal contracts for his business, D&H Specialties, and to use those contracts to wrongfully obtain funds to which D&H Specialties and Defendant were not entitled.  Defendant was arrested after the indictment was returned.  He was detained by the Magistrate Judge who found that Defendant was a flight risk and that he was a risk to the safety of people and the community.  In detaining

Defendant, the Magistrate Judge noted that Defendant had at least 10 prior convictions based on fraudulent conduct, had previously failed to appear for court proceedings, had been a fugitive from authorities and had engaged in criminal conduct just a couple of months after he was released from serving a custodial sentence for violating the terms of supervised release imposed as part of a previous federal sentence.

On February 20, 2014, Defendant pled guilty to a criminal information charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 (the "Information"). The loss amount is estimated in the range of $190,000, approximately $125,000 of which apparently was a loss caused to one small business.

Defendant has been convicted of a variety of financial frauds and related offenses over the years, including convictions in this district in Case Nos. 1:86-cr-347, 1:04-cr-573, and 1:05-cr-106. Following his release from prison in 2009, Defendant violated his supervised release terms in 2011 and was ordered back to prison for an additional 24 months. Defendant was again released from confinement in July 2013. Thereafter, he was indicted for the fraud he committed using D&H, which resulted in his plea of guilty to the Information.

Defendant has a long history of not complying with court-imposed requirements. In 1987, he failed to report to serve a sentence. In 1992, 1994, 2001 and 2003, he violated the terms of either his probation or his parole.

Defendant now seeks release pending his sentencing. He advances two principal arguments in support of his release request. First, he notes that when a judge in our district revoked his supervised release in 2011, that judge allowed Defendant voluntarily to report to serve the sentence imposed by the Court, and that Defendant on that occasion did report as required. Second, Defendant argues that (i) he is 58 years old, (ii) he has older siblings, including at least one that is not well whom he will be able to visit if released, and (iii) his girlfriend, with whom he lived before his detention, continues to support him and will allow him to live with her if released. Defendant submits that release, with electronic monitoring and the condition that he reside with his girlfriend, should be allowed.

**II.    DISCUSSION**

Whether a person should be released pending sentencing is governed by 18 U.S.C. § 3143, which provides that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the

safety of any other person or the community if released" on the defendant's personal recognizance or on conditions.  18 U.S.C. § 3143(a).  The presumption is in favor of detention pending sentencing.  United States v. Hill, No. 1:05-cr-0269, 2007 WL 1231729 (N. D. Ga. Apr. 24, 2007).  To rebut this detention presumption, a defendant must show by clear and convincing evidence that detention is not warranted, because the defendant is neither a flight risk nor a danger to the community.

Defendant has presented no convincing evidence or argument to support his release.  Defendant's long history is that he fails to abide by restrictions or requirements imposed upon him by courts including, on at least one occasion, the condition to surrender to serve a sentence.  Even when under court supervision, he has been unable, or unwilling, to comply with the terms and conditions imposed.  His pattern over many years has been of inability to conform his conduct to the requirements of the law, resulting in economic injury which, in cases like the one charged in the Information, is substantial.  Once within the criminal justice system, Defendant cannot conform his behavior to the requirements imposed.

The convincing evidence here shows that Defendant should be detained pending his sentencing to make sure he appears at his sentencing and to protect the community from his irresistible propensity to engage in fraudulent conduct.

## III.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Appeal of Order of Detention [27] is **DENIED**.

**SO ORDERED** this 14th day of March 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE